IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-69,178-02




EX PARTE LASARO SANDOVAL, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 49,915-B IN THE 181ST DISTRICT COURT
FROM POTTER COUNTY




           Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to fifty years’ imprisonment. The Seventh Court of Appeals dismissed his appeal.
Sandoval v. State, No. 07-06-00187-CR (Tex. App.–Amarillo 2006, no pet.). 
            Applicant contends that he was denied his right to an appeal. Applicant has alleged facts that,
if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Axel, 757
S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court shall order trial and appellate counsel to
respond to Applicant’s claim. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.
            Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to a meaningful appeal. The trial court shall specifically make findings of fact
as to whether there is evidence in the reporter’s record indicating that Applicant expressed a desire
to appeal. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 
Filed: October 13, 2010
Do not publish